IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBIN WOODS, Individually and for Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MILLENNIUM SEARCH, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) )   No. 2:23-cv-02455-SHL-cgc |

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff Robin Woods, individually and for others similarly situated, filed her Complaint against Defendant Millennium Search, LLC on July 31, 2023, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (ECF No. 1.) Woods filed a Motion to Compel Discovery on June 11, 2024. (ECF No. 39.) Afterwards, Millennium Search responded to the outstanding discovery requests (ECF No. 40 at PageID 184), and the parties were able to resolve Woods's claims entirely. The parties filed their Joint Motion for Approval of FLSA Settlement on August 23, 2024. (ECF No. 42.) For the following reasons, the Court **GRANTS** their joint motion and thus **DENIES AS MOOT** Woods's motion to compel.

**BACKGROUND**

Woods worked for Millenium Search as a Recruiting Manager from approximately July 2020 until April 2022. (ECF No. 1 at ¶ 13.) During her employment, Millenium Search allegedly violated the FLSA by failing to pay Woods overtime compensation. (Id. at ¶ 101.) Instead of paying overtime, Millenium Search allegedly misclassified Recruiters like Woods as exempt employees. (Id. at ¶ 36.) Woods pleads that she performed non-exempt job duties that were primarily technical in nature, she required little to no training to perform her job, and she

did not have any internal supervisory or management duties. (Id. at ¶¶ 39–51.) Millenium Search generally denied Woods's allegations and asserted various affirmative defenses. (ECF No. 15.)

On August 2, 2023, Larrica Hill opted in to this collective action. (ECF No. 7.) However, it is not enough to merely opt in to an FLSA action to become a party plaintiff—the district court must conclusively determine that the employee opting in is similarly situated to the original plaintiff. Clark v. A&L Homecare & Training Ctr., LLC, 68 F.4th 1003, 1009 (6th Cir. 2023). Because the Court never conclusively determined that Hill is similarly situated to Woods, Hill is not a party to this suit. Accordingly, the proposed settlement between Woods and Millenium Search neither involves Hill nor seeks to resolve any potential claims Hill, or anyone else, may have against Millenium Search. (ECF No. 42-1 at PageID 194.)

After mediation and several rounds of negotiations, the parties successfully settled Woods's claims. (ECF No. 42-1 at PageID 194.) Millenium Search agreed to pay Woods a total of $37,500 to release her claims. (ECF No. 42-2 at PageID 205.) The settlement amount represents $10,913.03 in alleged unpaid overtime wages, $10,913.02 in liquidated damages and interest, and $15,673.95 in attorneys' fees and costs. (Id. at 205–06.) The proposed settlement solely resolves Woods's individual claims and does not resolve the claims of any potential opt-in plaintiff. (ECF No. 42-1 at PageID 194.)

## LEGAL STANDARD

Congress enacted the FLSA to protect employees "who sacrifice a full measure of their freedom and talents to the use and profit of others." Tenn. Coal, Iron & R. Co. v. Muscoda Loc. No. 123, 321 U.S. 590, 597 (1944). An employer who engages in certain prohibited practices, like failing to pay overtime, is liable to a covered employee for back wages and liquidated

damages.  See 29 U.S.C. § 216(b).  Because of the unequal bargaining power between the parties, they can only settle a claim for back wages if (1) the Secretary of Labor supervises the payment of back wages or (2) the district court approves the proposed settlement agreement.  Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2.d 1350, 1352–53 (11th Cir. 1982).  Here, the parties have taken the second route.  (ECF No. 42-2 at PageID 204.)

A district court must scrutinize a proposed FLSA settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014) (quoting Lynn's Food, 679 F.2d at 1355).  The court looks to both the process of achieving the settlement and its substance.  See Lynn's Food, 679 F.2d at 1354.  A fair and reasonable process is one in which the plaintiff is protected by attorneys who preserved her rights in an adversarial context.  Id.  To determine whether the compromise itself is fair and reasonable, the court looks to:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

## **ANALYSIS**

Based on a review of the joint motion and proposed Settlement Agreement, the Court finds that the proposed agreement is a fair and reasonable resolution of a bona fide FLSA dispute.  During the settlement negotiation process, the parties engaged the assistance of a well-respected mediator (ECF No. 42-1 at PageID 199), Woods was protected by attorneys who preserved her rights (id.), and the parties settled the claims in an adversarial context, as

3

evidenced by the pleadings filed by experienced wage-and-hour counsel (id. at PageID 192; see ECF No. 1, 15).  Indeed, the parties still disagree over the merits of Woods's FLSA claims, including whether Millenium Search properly classified her as exempt, whether a two- or three-year limitations period applies, and whether Woods is entitled to liquidated damages.  (ECF No. 42-1 at PageID 194.)

The Settlement Agreement also represents a fair and reasonable compromise of the disputed issues.  After deducting attorney's fees and costs, Woods's net recovery will be approximately $21,826.08 before taxes.  (Id. at PageID 197.)  Assuming a three-year statute of limitation period and an award of liquidated damages, the proposed net recovery would represent 77.4% of her estimated damages.  (Id.)  If there were a two-year limitations period and an award of liquidated damages, then the proposed net recovery would represent 179.2% of her estimated damages.  (Id.)  Both parties agree that this is a reasonable and fair payment for a release of Woods's FLSA claims given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.  (Id.)  Woods's net settlement provides her with a "guaranteed, valuable recovery."  (Id.)

The Court also finds no evidence of fraud or collusion.  See Nutting, 2014 WL 2959481, at *3.  Moreover, the parties have already undergone significant discovery efforts[1] (ECF No. 42-1 at PageID 197), and settlement now will avoid additional expenditures of time and resources, see Nutting, 2014 WL 2959481, at *3.  The range of possible recovery is relatively fixed and defined by statute, so there is little risk that the proposed Settlement Agreement will deprive Woods of a fair result.  See 29 U.S.C. § 216(b).  Finally, counsel for both parties indicate their

---

[1] Millenium Search responded to all of the outstanding discovery requests that provide the basis for Woods's pending Motion to Compel Discovery.  (ECF No. 40 at PageID 184.)

support for the proposed settlement through the filing of their joint motion. (ECF No. 42.) Thus, this proposed Settlement Agreement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion and **APPROVES** the proposed Settlement Agreement. Thus, the Court **DENIES AS MOOT** Woods's motion to compel.

**IT IS SO ORDERED**, this 4th day of October, 2024.

                                      s/ Sheryl H. Lipman
                                      SHERYL H. LIPMAN
                                      CHIEF UNITED STATES DISTRICT JUDGE